UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

BRIAN FARRELL )
  *Plaintiff,* )
)   6:14-cv-81-ORL-18-KRS
)   Case No _____
vs )
)
FREDERICK J. HANNA & ASSOCIATES )   Judge _____
  *Defendant,* )
)   Trial by Jury Demanded

## COMPLAINT

Plaintiff, Brian Farrell, individually, sues Defendant FREDERICK J. HANNA & ASSOCIATES, an unknown entity, and alleges:

### PRELIMINARY STATEMENT

1. This is an action for damages for violations of the Fair Credit Reporting Act (FCRA) 15 U.S.C. § 1681 *et. seq.*, for damages for violations of the Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. § 1692 *et. seq.*, and for damages for violations of the Florida Consumer Collections Practices Act (FCCPA) Fla. Stat. § 559 (Part VI) *et. seq.*

### JURISDICTION

2. This court has jurisdiction under 15 U.S.C. §1681p, 15 U.S.C. §1692k (d), 28 U.S.C §1331, 28 U.S.C. §1337, Fla. Stat. §47.051, and supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3. All conditions precedent to the bringing of this action have been performed and/or waived.

## PARTIES

4. The Plaintiff in this lawsuit is Brian Farrell, a natural person, who resides in Seminole County, Florida.

5. The Defendant in this lawsuit is Frederick J Hanna & Associates ("FJH"). A third party debt collector with offices at 2253 Northwest Pkwy. Marietta, GA, 30067.

## VENUE

6. Venue is proper pursuant to 28 U.S.C. § 1391b and Fla. Stat. § 559.77.

7. The occurrences which give rise to this action occurred in Seminole County, Florida and Plaintiff resides in Seminole County, Florida.

8. Venue is proper in the Middle District of Florida, Orlando Division.

## FACTUAL ALLEGATIONS

9. Plaintiff obtained his consumer credit reports from the three major credit reporting agencies and found entries by entities that he was unfamiliar with in the reports.

10. Plaintiff found after examination of his Equifax consumer credit report that Defendant FJH had obtained Plaintiff's Equifax consumer report on January 2010.
*See* Exhibit "A"

11. Plaintiff found after examination of his TransUnion consumer credit report that Defendant FJH had obtained Plaintiff's TransUnion consumer credit report on April 2011. *See* Exhibit "B"

12. Plaintiff found after examination of his TransUnion consumer credit report that Defendant FJH had obtained Plaintiff's TransUnion consumer credit report on August 2011. *See* Exhibit "B"

13. Discovery of FCRA violations brought forth herein occurred within the last two years and the impermissible pulls occurred within the last five years and are within the statute of limitations as defined in the FCRA 15 U.S.C. § 1681p.

14. On or about November 25, 2013 Plaintiff received a "dunning" letter from Defendant FJH claiming that Plaintiff owes $12,048.90 and the original creditor is FIA CARD SERVICES, N.A.

15. There are two separate accounts numbers listed in the letter, Account No. XXXX-XXXX-XXXX-8811 and Related Act# ************1048 which confused Plaintiff.

16. The letter states in part "Please contact our office to make arrangements to pay the unpaid balance." And "This is an attempt to collect a debt." *See* Exhibit "C".

17. Plaintiff has no contractual obligation to pay Defendant.

18. On or about November 26, 2013 Plaintiff sent Defendant a written communication requesting validation from FJH per section 809(b) of the FDCPA, 15 U.S.C. § 1692g via certified mail # 7011 1570 0002 1984 2589. *See* Exhibit "D".

19. On or about December 16, 2013 FJH sent a reply to Plaintiffs validation request stating again that the amount due was $12,048.90, yet attached to the letter was a judgment dated October 12, 2010, in the amount of $11,906.55. *See* Exhibit "E".

20. Said copy of judgment attached to the letter from Defendant FJH clearly states in part "... making a total of $11,906.55, for all of which let execution issue. Plaintiff waives future statutory interest", yet FJH is seeking $12,048.90.

21. The letters sent to Plaintiff on or about November 25, 2013 and on or about December 16, 2013 were clear violations of the FDCPA and FCCPA.

22. Plaintiff sent Defendant two separate letters in an effort to mitigate the damages and reach a settlement for their violations of the FCRA, FDCPA, and FCCPA, before filing this instant action. Plaintiff received no reply from Defendant FJH.

## COUNT I

## VIOLATION OF THE FAIR CREDIT REPORTING ACT 15 U.S.C. § 1681, WILLFUL NON-COMPLIANCE BY DEFENDANT FREDERICK J. HANNA & ASSOCIATES

23. Paragraphs 1 through 22 are re-alleged as though fully set forth herein.

24. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. § 1681a(c).

25. Equifax is a credit reporting agency within the meaning of the FCRA, 15 U.S.C. § 1681a(f).

26. Consumer credit report is a consumer report within the meaning of the FCRA, 15 U.S.C. § 1681a(d).

27. The FCRA, 15 U.S.C. § 1681b defines the permissible purposes for which a person may obtain a consumer credit report.

28. Such permissible purposes as defined by 15 U.S.C. § 1681b are generally, if the consumer makes application for credit, makes application for employment, for underwriting of insurance involving the consumer, or is offered a bona fide offer of credit as a result of the inquiry.

29. Plaintiff has never had any business dealings or any accounts with, made application for credit from, made application for employment with, applied for insurance from, or received a bona fide offer of credit from Defendant FJH.

30. In January of 2010 Defendant obtained the Equifax consumer credit report of Plaintiff with no permissible purpose in violation of the FCRA, 15 U.S.C. § 1681b. Said action thereby damaged Plaintiff by causing Plaintiff's credit score to decline resulting in Plaintiff having to pay higher auto insurance premiums, higher rates, and larger fees.

31. At no time did Plaintiff give his consent for FJH to obtain his consumer credit report from Equifax or any other credit reporting agency.

32. The action of Defendant obtaining the consumer credit report of the Plaintiff without a permissible purpose or Plaintiff's consent was a willful violation of the FCRA, 15 U.S.C. § 1681b and an egregious violation of Plaintiff's right to privacy.

33. At no time has Defendant ever indicated what justification they may have had for obtaining Plaintiff's consumer credit report. Defendant had a duty to properly ascertain if there was a legitimate permissible purpose **before** obtaining Plaintiff's credit report and Defendant breached said duty by failing to do so. There was no permissible purpose for FJH to acquire Plaintiffs credit report.

WHEREFORE, Plaintiff demands judgment for damages against Defendant, Frederick J. Hanna & Associates, for statutory damages of $1000.00, any attorney's fees, and cost pursuant to 15 U.S.C. § 1681n.

## COUNT II

## VIOLATION OF THE FAIR CREDIT REPORTING ACT 15 U.S.C. § 1681, WILLFUL NON-COMPLIANCE BY DEFENDANT FREDERICK J. HANNA & ASSOCIATES

34. Paragraphs 1 through 22 are re-alleged as though fully set forth herein.

35. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. § 1681a(c).

36. TransUnion is a credit reporting agency within the meaning of the FCRA, 15 U.S.C. § 1681a(f).

37. Consumer credit report is a consumer report within the meaning of the FCRA, 15 U.S.C. § 1681a(d).

38. The FCRA, 15 U.S.C. § 1681b defines the permissible purposes for which a person may obtain a consumer credit report.

39. Such permissible purposes as defined by 15 U.S.C. § 1681b are generally, if the consumer makes application for credit, makes application for employment, for underwriting of insurance involving the consumer, or is offered a bona fide offer of credit as a result of the inquiry.

40. Plaintiff has never had any business dealings or any accounts with, made application for credit from, made application for employment with, applied for insurance from, or received a bona fide offer of credit from Defendant FJH.

41. In April of 2011 Defendant obtained the TransUnion consumer credit report of Plaintiff with no permissible purpose in violation of the FCRA, 15 U.S.C. § 1681b. Said actions thereby damaged Plaintiff by causing Plaintiff's credit score to decline resulting in Plaintiff having to pay higher auto insurance premiums, higher rates, and larger fees.

42. At no time did Plaintiff give his consent for FJH to obtain his consumer credit report from TransUnion or any other credit reporting agency.

43. The action of Defendant obtaining the consumer credit report of the Plaintiff without a permissible purpose or Plaintiff's consent was a willful violation of the FCRA, 15 U.S.C. § 1681b and an egregious violation of Plaintiff's right to privacy.

44. At no time has Defendant ever indicated what justification they may have had for obtaining Plaintiff's consumer credit report. Defendant had a duty to properly ascertain if there was a legitimate permissible purpose before obtaining Plaintiff's credit report and Defendant breached said duty by failing to do so. There was no permissible purpose for FJH to acquire Plaintiffs credit report.

WHEREFORE, Plaintiff demands judgment for damages against Defendant, Frederick J. Hanna & Associates, for statutory damages of $1000.00, any attorney's fees, and cost pursuant to 15 U.S.C. § 1681n.

## COUNT III

### VIOLATION OF THE FAIR CREDIT REPORTING ACT 15 U.S.C. § 1681, WILLFUL NON-COMPLIANCE BY DEFENDANT FREDERICK J. HANNA & ASSOCIATES

45. Paragraphs 1 through 22 are re-alleged as though fully set forth herein.

46. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. § 1681a(c).

47. TransUnion is a credit reporting agency within the meaning of the FCRA, 15 U.S.C. § 1681a(f).

48. Consumer credit report is a consumer report within the meaning of the FCRA, 15 U.S.C. § 1681a(d).

49. The FCRA, 15 U.S.C. § 1681b defines the permissible purposes for which a person may obtain a consumer credit report.

50. Such permissible purposes as defined by 15 U.S.C. § 1681b are generally, if the consumer makes application for credit, makes application for employment, for underwriting of insurance involving the consumer, or is offered a bona fide offer of credit as a result of the inquiry.

51. Plaintiff has never had any business dealings or any accounts with, made application for credit from, made application for employment with, applied for insurance from, or received a bona fide offer of credit from Defendant FJH.

52. In <u>August of 2011</u> Defendant obtained the TransUnion consumer credit report of Plaintiff with no permissible purpose in violation of the FCRA, 15 U.S.C. § 1681b. Said actions thereby damaged Plaintiff by causing Plaintiff's credit score to decline resulting in Plaintiff having to pay higher auto insurance premiums, higher rates, and larger fees.

53. At no time did Plaintiff give his consent for FJH to obtain his consumer credit report from TransUnion or any other credit reporting agency.

54. The action of Defendant obtaining the consumer credit report of the Plaintiff without a permissible purpose or Plaintiff's consent was a willful violation of the FCRA, 15 U.S.C. § 1681b and an egregious violation of Plaintiff's right to privacy.

55. At no time has Defendant ever indicated what justification they may have had for obtaining Plaintiff's consumer credit report. Defendant had a duty to properly ascertain if there was a legitimate permissible purpose <u>before</u> obtaining Plaintiff's

credit report and Defendant breached said duty by failing to do so. There was no permissible purpose for FJH to acquire Plaintiffs credit report.

WHEREFORE, Plaintiff demands judgment for damages against Defendant, Frederick J. Hanna & Associates, for statutory damages of $1000.00, any attorney's fees, and cost pursuant to 15 U.S.C. § 1681n.

## COUNT IV

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA) 15 U.S.C. § 1692 BY DEFENDANT FREDERICK J. HANNA & ASSOCIATES

56. Paragraphs 1 through 22 are re-alleged as though fully set forth herein.
57. Plaintiff Is a consumer within the meaning of the FDCPA, 15 U.S.C. § 1692a(3).
58. Defendant FJH is a debt collector within the meaning of the FDCPA, 15 U.S.C. § 1692a(6).
59. Defendant violated the FDCPA. Defendant's violations include, but are not limited, to the following:

    a. Defendant violated 15 U.S.C. § 1692e(2) by falsely representing the character, amount, or legal status of any debt.,

    b. Defendant violated 15 U.S.C. § 1692e(10) any false representation or deceptive means to collect a debt or obtain information about a consumer

    c. Defendant violated 15 U.S.C. § 1692f(1), by the collection of any amount (including any interest, fees, charges, or expenses incidental to the principal obligation) unless

such amount is expressly authorized by the agreement creating the debt or permitted by law.

WHEREFORE, Plaintiff demands judgment for damages against Defendant, Frederick J. Hanna & Associates, for statutory damages of $1000.00, any attorney's fees, and cost pursuant to 15 U.S.C. § 1692k.

## COUNT V

### VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT (FCCPA) FLA. STAT. § 559 (Part VI) BY DEFENDANT FREDERICK J. HANNA & ASSOCIATES

60. Paragraphs 1 through 22 are re-alleged as though fully set forth herein.
61. Plaintiff Is a consumer within the meaning of the FCCPA § 559.55(2).
62. Defendant FJH is a debt collector within the meaning of the FCCPA § 559.55(6).
63. Defendant violated § 559.72 (9) by claiming, attempting, or threatening to enforce a debt when such persons knew that the debt was not legitimate.

WHEREFORE, Plaintiff demands judgment for damages against Defendant, Frederick J. Hanna & Associates, for statutory damages of $1000.00, any attorney's fees, and cost pursuant to Fla. Stat. § 559.77.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury of all issues so triable by law.

January 16, 2014

Respectfully Submitted,

*Brian Farrell*

Brian Farrell
106 Clear Lake Circle
Sanford FL 32773
321-662-7627
brian_farrell7@yahoo.com

Service to:
Frederick J. Hanna & Associates
2253 Northwest Pkwy.
Marietta, GA, 30067