# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

| | | |
|---|---|---|
| **BRIAN FARRELL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.: 6:14-CV-00081** |
| **FREDERICK J. HANNA** | ) | |
| **& ASSOCIATES,** | ) | |
| | ) | **Judge: G. Kendall Sharp** |
| **Defendant.** | ) | |
| _____ | ) | |

## DEFENDANT'S MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS AND MEMORANDUM OF LAW IN SUPPORT THEREOF

COMES NOW, the Defendant, Frederick J. Hanna & Associates ("Hanna"), and files this, its Motion for Partial Judgment on the Pleadings and Memorandum of Law in Support Thereof.   As shown below, Hanna is entitled to judgment in its favor on Plaintiff's Fair Credit Reporting Act claims because debt collection is a permissible purpose for obtaining a consumer's credit report.

## I.      BACKGROUND

In his Complaint, Plaintiff contends that he examined his Equifax consumer credit report and discovered that Hanna had obtained his Equifax report in January 2010. (Complaint, ¶ 10 & Ex. A thereto).   Plaintiff also

alleges that he examined his TransUnion consumer credit report and discovered that Hanna had obtained his TransUnion consumer credit report in April 2011. (Id. at ¶ 11 & Ex. B thereto).   Further, Plaintiff asserts that he examined his TransUnion consumer credit report and found that Hanna had obtained his TransUnion consumer credit report in August 2011. (Id. at ¶ 12 & Ex. B thereto).

Plaintiff contends that he has never had any business dealings or any accounts with, made application for credit from, made application for employment with, applied for insurance from, or received a bona fide offer of credit from Hanna. (Complaint, ¶¶ 29, 40, 51).   Plaintiff asserts that he did not authorize Hanna to obtain his consumer credit reports from Equifax or TransUnion in these instances. (Id. at ¶¶ 31, 42, 53).   Plaintiff contends that Hanna's conduct in obtaining his consumer credit reports without his authorization damaged him by causing his creditor score to decline, resulting in Plaintiff having to pay higher insurance premiums, higher rates, and larger fees. (Id. at ¶¶ 30, 41, 52).

Count I of the Complaint asserts a claim against Hanna under the FCRA for allegedly obtaining Plaintiff's consumer credit report from Equifax in January 2010 without a permissible purpose. (Complaint, ¶¶ 23-

33).   Count II of the Complaint asserts a claim against Hanna under the FCRA for allegedly obtaining Plaintiff's consumer credit report from TranUnion in April 2011 without a permissible purpose. (Id. at ¶¶ 34-44). Count III of the Complaint asserts a claim against Hanna under the FCRA for allegedly obtaining Plaintiff's consumer credit report from TransUnion in August 2011 without a permissible purpose. (Id. at ¶¶ 45-55).[1]

Plaintiff seeks statutory damages of $1,000 for each alleged violation of the FCRA, attorney's fees (even though he is proceeding pro se) and costs pursuant to 15 U.S.C. § 1681a.

## II.   ARGUMENT AND CITATION OF AUTHORITY

### A.   Hanna Is Entitled To Judgment In Its Favor On Plaintiff's FCRA Claims

The FCRA provides that a consumer credit report is furnished and used for a permissible purpose where the party requesting the report "intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, *or review or collection of an account of the consumer* . . . ." 15 U.S.C § 1681b(a)(3)(A)(emphasis added).

---

[1] Count IV asserts a claim under the Fair Debt Collection Practices Act, and Count Y asserts a parallel claim under the Florida Consumer Collection Practices Act.   The instant Motion does not encompass these counts.

A debt collector has a permissible purpose for obtaining a credit report if it has reason to believe that the plaintiff owes a valid debt, even if the debt collector is ultimately proven to be mistaken. *See, e.g., Robinson v. Greyston Alliance, LLC,* 2011 WL 2601573, at *3 (D. Md. 2011) ("As long as the debt collector has 'reason to believe' that the consumer owes the debt, the debt collector may permissibly obtain the consumer's credit report without violating the FCRA"); *Beckstrom v. Direct Merchant's Credit Card Bank*, 2005 WL 1869107, at *3 (D. Minn. 2005)(ruling that pulling of the consumer's credit report was for a permissible purpose because it had reason to believe that plaintiff had defaulted on credit card account); *James v. Interstate Credit and Collection, Inc.*, 2005 WL 1806501, at *5 (E.D. Pa. 2005)(rejecting FCRA claim because "[w]hen Defendant requested Plaintiff's consumer report, it had reason to believe that the debt was owed by Plaintiff"); *Korotki v. Attorney Services Corp., Inc.*, 931 F.Supp. 1269, 1276-78 (D. Md. 1996)(rejecting FCRA claim because defendant had reason to believe that plaintiff owed debt even though plaintiff disputed debt), *aff'd* 131 F.3d 135 (4th Cir. 1997)(unpublished opinion).

Thus, debt collection is a permissible purpose for obtaining a consumer credit report under the FCRA. *See, e.g., Grant v. RJM Acquisition*

*Funding, LLC,* 2013 WL 3071249, at *1 (N.D. Ill. 2013) (citing cases);
*Robinson,* 2011 WL 2601573, at *3 (citing cases).

Because Hanna had a permissible purpose to obtain consumer credit reports on Plaintiff (debt collection), Hanna is entitled to judgment in its favor on Plaintiff's FCRA claims.

## II.   <u>CONCLUSION</u>

For the reasons set forth herein, Defendant's Motion for Partial Judgment on the Pleadings should be granted, and the Court should enter judgment in favor of Hanna on Plaintiff's FCRA claims pled in Counts I, II and III of the Complaint.

This the 1st day of July, 2014.

> */s/ Jeremy W. Rogers*
> Jeremy W. Rogers
> Florida Bar No. 150551
> FREEMAN MATHIS & GARY, LLP
> 8875 Hidden River Parkway, Ste. 300
> Tampa, FL 33637
> T:  (813)367-2128
> jrogers@fmglaw.com
>
> Counsel for the Defendant

## <u>CERTIFICATE OF CONFERENCE</u>

I certify that I have conferred with Plaintiff regarding the issues contained in this Motion for Partial Judgment on the Pleadings and Memorandum of Law in Support Thereof and that the Parties were unable to resolve the issues presented herein.

*/s/ Jeremy W. Rogers*
Jeremy W. Rogers
Florida Bar No. 150551

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

| | | |
|---|---|---|
| **BRIAN FARRELL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.: 6:14-CV-00081** |
| **FREDERICK J. HANNA** | ) | |
| **& ASSOCIATES,** | ) | |
| | ) | **Judge: G. Kendall Sharp** |
| **Defendant.** | ) | |
| _____ | ) | |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 1st day of July, 2014, the foregoing
**DEFENDANT'S MOTION FOR PARTIAL JUDGMENT ON THE
PLEADINGS AND MEMORANDUM OF LAW IN SUPPORT
THEREOF** was electronically filed with the Clerk of Court using CM/ECF
and was furnished to Brian Farrell via email, brian_farrell7@yahoo.com ,
and via first class and certified mail, return receipt requested, to 106 Clear
Lake Circle, Sanford, Florida 32773.

*/s/ Jeremy W. Rogers*
Jeremy W. Rogers
Florida Bar No. 150551