UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

BRIAN FARRELL,

        Plaintiff,

v.                                                    Case No: 6:14-cv-81-Orl-18KRS

FREDERICK J. HANNA &
ASSOCIATES,

        Defendant.

## ORDER

THIS CAUSE comes for consideration on Defendant Frederick J. Hanna & Associates' ("Hanna") Motion for Partial Judgment on the Pleadings (Doc. 25), to which Plaintiff Brian Farrell responded (Doc. 27) and Hanna replied (Doc. 28). For the reasons that follow, Hanna's motion will be denied.

### I. BACKGROUND

Within two years of commencing this action, Farrell requested his consumer credit report from three major credit reporting agencies, including Equifax and TransUnion. (Doc. 1 ¶ 9-13.) Upon review of his Equifax consumer credit report, Farrell observed that Hanna obtained Farrell's consumer credit report from Equifax in January 2010. (Id. ¶ 10.) Farrell also reviewed his TransUnion consumer credit report and observed that Hanna obtained Farrell's consumer credit report from TransUnion in April 2011 and August 2011. (Id. ¶¶ 11-12.) Farrell never gave Hanna permission to access his consumer credit information from Equifax, TransUnion, or any other credit reporting agency. (Id. ¶¶ 13, 31, 42, 53.)

On or about November 25, 2013, Farrell received a "dunning" letter from Hanna requesting

payment for a $12,048.90 debt (the "Debt") that Farrell allegedly incurred with FIA CARD SERVICES, N.A. ("FIA"). (*Id.* ¶ 14.) Hanna included two (2) separate account numbers in the "dunning" letter and asked Farrell to contact Hanna's office to arrange payment for the Debt. (*Id.* ¶¶ 15, 16.) On or about November 26, 2013, Farrell sent a written request to Hanna requesting validation of the Debt. (*Id.* ¶ 18.) In Hanna's reply letter to Farrell's Debt validation request, Hanna stated that Farrell owed a debt to FIA in the amount of $12,048.90. (*Id.* ¶ 19.) Hanna also attached a court order dated October 12, 2010 to the reply letter. (Doc. 1-1 at 12; Doc. 1 ¶ 19.) As set forth in the court order, the Eighteenth Judicial Circuit in and for Seminole County, Florida, entered a default final judgment against Farrell and ordered him to pay $11,906.55 to FIA. (Doc. 1-1 at 12; Doc. 1 ¶ 19.) The aforementioned order includes the statement that the judgment is for "a total of $11,906.55, for all of which let execution issue. Plaintiff waives future statutory interest." (Doc. 1-1 at 12; Doc. 1 ¶ 20.)

Farrell avers that Hanna violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et. seq.*, the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et. seq.*, and the Florida Consumer Collections Practices Act ("FCCPA"), sections 559.55-785, Florida Statutes. In Counts I, II, and III of the Complaint, Farrell asserts that Hanna violated the FCRA by impermissibly obtaining Farrell's consumer credit reports. (Doc. 1 ¶¶ 23-55.) Hanna now seeks judgment on the pleadings in its favor on Farrell's FCRA claims set forth in Counts I, II, and III. (Doc. 25 at 5.) As grounds therefore, Hanna avers that it had a permissible purpose to obtain Farrell's consumer credit reports because Hanna was acting as a debt collector on behalf of FIA, and "debt collection is a permissible purpose for obtaining a consumer's credit report." (*Id.* at 1.)

## II. LEGAL STANDARD

Rule 12(c) of the Federal Rules of Civil Procedure provides that a party may move for judgment on the pleadings, "[a]fter the pleadings are closed—but early enough not to delay trial[.]" Fed. R. Civ. P. 12(c). "Judgment on the pleadings is proper when no issues of material fact exist, and the moving party is entitled to judgment as a matter of law based on the substance of the pleadings and any judicially noticed facts." *Andrx Pharms., Inc. v. Elan Corp., PLC*, 421 F.3d 1227, 1232-33 (11th Cir. 2005); *St. Paul Fire & Marine Ins. Co. v. Jablonski*, No. 2:08-cv-386-FtM-29SPC, 2008 WL 1990471, at *1 (M.D. Fla. May 5, 2008). In deciding a Rule 12(c) motion, the court considers the facts alleged in the complaint as true and draws all inferences in favor of the non-movant. *Bankers Ins. Co. v. Fla. Residential Prop. & Cas. Joint Underwriting Ass'n*, 137 F.3d 1293, 1295 (11th Cir. 1998); *Szabo v. Fed. Ins. Co.*, No. 8:10-cv-02167-T-33MAP, 2011 WL 3875421, at *2 (M.D. Fla. Aug. 31, 2011). Additionally, "attachments to the pleadings may properly be considered on a motion for judgment on the pleadings if the attachments are central to the plaintiff's claim, and are undisputed in that their authenticity is not challenged." *Nails v. Swisher Int'l, Inc.*, No. 3:12-cv-1147-J-99MMD-PDB, 2013 WL 6768229, at *1 (M.D. Fla. Dec. 19, 2013).[1] A court should dismiss a complaint pursuant to Rule 12(c), "[i]f it is clear that the plaintiff

---

[1] Pursuant to Rule 12(d) of the Federal Rules of Civil Procedure, when matters outside of the pleading are presented to the court on a motion for judgment on the pleadings and not excluded by the court, the motion must be treated as a motion for summary judgment. *See* Fed. R. Civ. P. 12(d). However, a court has broad discretion when deciding whether to treat a motion for judgment on the pleadings as a motion for summary judgment. *Maldonado v. Mattress Firm, Inc.*, No. 8:13-cv-292-T-33AEP, 2013 WL 2407086, at *2 (M.D. Fla. June 3, 2013). A motion for judgment on the pleadings "'should only be treated as one for summary judgment if the record is fully developed and the non-moving party was given adequate notice of the court's decision.'" *Id.* (quoting *Jozwiak v. Stryker Corp.*, No. 6:09-cv-1985-Orl-19GJK, 2010 WL 743834, at *4 (M.D. Fla. Feb. 26, 2010)). At this early stage in the litigation, the Court declines to convert Hanna's motion into a motion for summary judgment. However, the Court will consider the documents attached to the Complaint, collectively labelled as Doc. 1-1, as they are undisputed and central to Farrell's claims. (*See* Doc. 1 ¶¶ 10-12, 16, 18-19; *see also* Doc. 28 at 5-6.)

would not be entitled to relief under any set of facts that could be proved consistent with the allegations" in the Complaint. *Szabo*, 2011 WL 3875421, at *2.

### III. ANALYSIS

Farrell states that Hanna willfully violated the FCRA by accessing Farrell's consumer credit information without his consent and without a permissible purpose under § 1681b. (Doc. 1 ¶¶ 32, 43, 54.) Farrell states that he has never had any previous business dealings with Hanna and that Hanna has not provided him with a justification for obtaining his consumer credit reports from Equifax and Transunion. (*Id.* ¶¶ 29, 33, 40, 44, 51, 55). Farrell argues that, "Hanna has not provided any verified evidence, in any form . . . showing Hanna was 'retained', 'referred', or 'assigned' a debt to collect regarding [Farrell]." (Doc. 27 ¶ 13). Hanna avers that the debt collection letters and the court judgment attached to and referenced in the Complaint, show that Hanna accessed Farrell's consumer credit reports for the permissible purpose of debt collection. (Doc. 28 at 5-6.)

The FCRA provides that a consumer credit report is furnished and used for a permissible purpose where the party requesting the report "intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer . . . ." 15 U.S.C. § 1681b(a)(3)(A). Under the FCRA, a debt collector is permitted to access a consumer's credit report for the purpose of reviewing a creditor's account with the consumer and collecting the debt. *See Flores v. I.C. Sys., Inc.*, No. 13-21352-CIV, 2014 WL 1379046, at *3 (S.D. Fla. Apr. 8, 2014); *Pinson v. United Recovery Sys., LP*, No. 12-80792-Civ, 2013 WL 3717739, at *2 (S.D. Fla. July 15, 2013). A plaintiff alleging a willful misuse or acquisition of a consumer credit report in violation of the FCRA must show that the defendant accessed or used

the consumer credit report without a permissible purpose specified by the statute and without a reasonable belief that a permissible purpose existed. *See United Recovery Sys.*, 2013 WL 3717739, at *3; *Pinson v. Monarch Recovery Mgmt., Inc.*, No. 12-80480-CIV, 2013 WL 961308, at *3 (S.D. Fla. Mar. 12, 2013).

Judgment on the pleadings as to Farrell's FCRA claims is inappropriate based solely on Hanna's conclusory allegations and self-serving statements that it obtained Farrell's consumer credit reports for the purpose of collecting a debt that Farrell owed FIA. Upon review of the pleadings and attachments[2] to the Complaint, the Court finds that an issue of material fact lies in whether Hanna was retained, or even had the reasonable belief that it was retained or hired, to act as a debt collector on behalf of FIA or any other creditor to whom Farrell owes or owed a debt. Accordingly, Hanna's motion will be denied.

## IV. CONCLUSION

For the foregoing reasons, Defendant Frederick J. Hanna & Associates' Motion for Partial Judgment on the Pleadings (Doc. 25) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on this 22 day of August, 2014.

G. KENDALL SHARP
SENIOR UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[2] *See* Doc. 1-1.